Gaston, J.
 

 The court does not find any error in the instructions given to the jury. In the construction of the act of 1819, (Rev. Stat. e, 50, s. 8,) to avoid parol contracts for the sale of lands and slaves, it has been settled that the act has no effect upon executed contracts, but operates only to avoid every executory contract to sell or convey lands'or slaves, unless there be a written memorandum thereof, sigu-ed by the party sought to he charged thereby.
 
 Choate
 
 v
 
 Wright,
 
 2 Dev. 289. If a parol agreement be - made for the sale of a slave, neither party can'sue the other fora breach thereof. The vendor cannot sue for the price, nor the vendee for non-performance of the agreement to convey. But after a sale, completed by delivery .or otherwise, tlie vendor may sue for the purchase money, or the vendee, because the vendor has re-taken the slave. The plaintiff has not brought his action upon the agreement. He treats the agreement as having been executed, and claims the money, which, in consequence of the execution of that agreement, became due to him. The case states the facts to be, that the
 
 *199
 
 plaintiff, being the equitable owner of the land, agreed to sell it to the defendant, and the defendant engaged to it, and, retaining a part of the purchase-money to satisfy the debt which the plaintiff owed him, to pay over the residue to the plaintiff. Now if the
 
 legal character
 
 <¡f the agreement was for a sale and re-sale, such sale and re-sale have been effectually made. The sale of the plaintiff was completed by the conveyance of the title to the defendant by the plaintiff’s trustees, who had bound themselves to make title as they should be required by the plaintiff — and the re-sale was completed by the defendant’s conveyance. to the purchaser from him. It would be repugnant to the plainest principles of justice, to allow him to pocket that part of the purchase money, which was to be paid to the plaintiff as the consideration for his sale. But the
 
 legal character
 
 of the transaction would rather seem to be, notwithstanding the terms which the paities used, or the forms in which the transaction was conducted, that the defendant sold the plaintiff’s land for him, upon the agreement of the plaintiff that the defendant might deduct from the proceeds the amount of the debt due to himself. The delivery of the bond for title by the plaintiff to the defendant, and the conveyance to the defendant, by the plaintiff’s trustees, may fairly be regarded as but the means employed to enable the defendant to sell the plaintiff’s land. If this view can be sustained, then clearly all the money received by the defendant in consequence of this sale, over the sum which he liad a right to retain for his own demand, was money received for the use of the plaintiff
 

 On the other point made, the only doubt was, whether the defendant had received the price of the land before suit was brought. This was a question of fact fit for the jury. There certainly was evidence tending to establish it, and the effect of that evidence was properly submitted to them.
 

 .Pee Curiáis. Judgment affirmed.